PEOPLE, PLAINTIFF AND APPELLEE, v. LUGARÓ, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution
for Perjury.

No. 2326.—Decided December 19, 1924.

PERJURY—PLEADING—EVIDENCE—AUTHORITY TO ADMINISTER OATH.—In accord-
ance with section 117 of the Penal Code and section 89 of the Code of Crimi-
nal procedure, when perjury is charged the Government must allege and
prove that the officer who administered the oath was duly authorized to do so.

ID.—GRAND JURY—AUTHORITY TO ADMINISTER OATH.—Section 22 of the Act
creating the grand jury confers no authority on that body, and, especially
none on the foreman thereof, to administer oaths. The grand jury is only
authorized to examine witnesses under oath, but the oath must be adminis-
tered by an officer who is given the authority, generally the district attorney,
or perhaps the clerk of the court.

The facts are stated in the opinion.

*Mr. D. Sepúlveda* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Section 117 of the Penal Code provides:

"Sec. 117. Every person who, having taken an oath that he
will testify, declare, depose, or certify truly before any competent
tribunal, officer, or person, in any of the cases in which such an
oath may by law be administered, wilfully and contrary to such
oath, states as true any material matter which he knows to be false,
is guilty of perjury. It is no defense to a prosecution for perjury
that the oath was administered or taken in an irregular manner."

Section 89 of the Code of Criminal Procedure is as
follows:

"Sec. 89. In an information for perjury or subornation of
perjury, it is sufficient to set forth the substance of the controversy
or matter in respect to which the offense was committed and in
what court and before whom the oath alleged to be false was taken,
and that the court or the person before whom it was taken, had
authority to administer it with proper allegations of the falsity of
the matter on which the perjury is assigned; but the information

need not set forth the pleadings, record, or proceedings with which the oath is connected, nor the commission or authority of the court or person before whom the perjury was committed.''

Under those two sections it is evident that the government must allege and prove that the officer who administered the oath was duly authorized to do so.

Here the foreman of the grand jury took the oath of the defendant when the latter was a witness in the investigation of an alleged homicide. The only section that relates to the swearing of witnesses before the grand jury is as follows:

''Sec. 22.—That the Grand Jury shall have power to summon and examine witnesses and experts under oath; to make ocular inspections, and to compel the introduction of documentary or other evidence in addition to that offered by the *fiscal.*''

This section confers no authority on the grand jury and especially none on the foreman thereof to administer oaths. The grand jury is only authorized to examine witnesses under oath, but the oath must be administered by an officer who is given the authority, generally the district attorney, or perhaps the clerk or secretary of the court.

It appears that the grand jury in this case was misled because under federal practice the foreman of the grand jury may swear witnesses. This authority however is given directly by section 809 of the Revised Statutes of the United States and no similar statute exists in Porto Rico.

As the defendant was convicted of perjury taken before a person not authorized to administer oath, the judgment must be reversed and the defendant discharged.

*Reversed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.